WO                                                                                                                        MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Drew Michael Witzig, | No. CV 21-08042-PCT-JAT (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, | |
| Respondent. | |

On February 24, 2021, Petitioner Drew Michael Witzig, who is confined in CoreCivic's Red Rock Correctional Center in Eloy, Arizona, filed a Request for Leave to File Oversized Brief, lodged a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a Memorandum of Points and Authorities in Support of Writ of Habeas Corpus, and filed an Application to Proceed In Forma Pauperis and a Request for the Appointment of Counsel. In a March 15, 2021 Order, the Court granted the Request for Leave to File, directed the Clerk of Court to file the § 2254 Petition and the Memorandum, denied the Application to Proceed In Forma Pauperis, gave Petitioner thirty days to pay the filing fee, and denied without prejudice the Request for the Appointment of Counsel.

On March 15, 2021, the Clerk of Court docketed the Petition (Doc. 7) and the Memorandum of Points and Authorities (Doc. 8). On April 5, 2021, Petitioner paid the filing fee. The Court will require an answer to the Petition.

. . . .

. . . .

TERMPSREF

## I. Petition

Petitioner was convicted in Mohave County Superior Court, case #CR-2016-00090, of possession of methamphetamine for sale and possession of drug paraphernalia. He was sentenced to concurrent terms of imprisonment, the longer of which was fifteen years. In his Petition, Petitioner names David Shinn as Respondent. Petitioner raises nine grounds for relief:

(1) he was denied the effective assistance of counsel because his attorney failed to challenge the search of the taxicab;

(2) he was denied the effective assistance of counsel because his attorney failed to present the testimony of all presumably available witnesses regarding the condition of the taxicab;

(3) newly discovered material facts exist and probably would have changed the court's ruling regarding the motion to suppress;

(4) he was denied the effective assistance of counsel because his trial and post-conviction-relief attorneys failed to present "necessary evidence";

(5) the trial court abused its discretion when it denied a continuance, and Petitioner's appellate and post-conviction-relief counsel were ineffective for failing to raise this claim;

(6) the trial court denied counsel the opportunity to reply "with the appropriate written response" to the State's response to Petitioner's motion to suppress, and Petitioner's appellate and post-conviction-relief counsel were ineffective for failing to raise this issue;

(7) his constitutional rights were violated when the trial court denied his attorney's "line of questioning" during the trial, and Petitioner's appellate and post-conviction-relief counsel were ineffective for failing to raise this issue;

(8) he was denied the effective assistance of counsel because his attorney failed to raise a vindictive prosecution claim; and

(9) he was denied the effective assistance of counsel because his attorney failed to subpoena the service records from the cab company and because his post-conviction-relief counsel failed to raise this issue.

Petitioner contends he presented these issues to the Arizona Court of Appeals and also presented the issues raised in Grounds One, Two, and Three to the Arizona Supreme Court. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**II.    Warnings**

   **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.    Copies**

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

   **C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Clerk of Court must serve a copy of the Petition (Doc. 7), the Memorandum of Points and Authorities (Doc. 8), and this Order on the Respondent and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office. Pursuant to the Memorandum of Understanding, copies of the Petition, the Memorandum of Points and Authorities, and this Order will be sent via Notice of

1  Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General
2  for the State of Arizona to designated electronic mail addresses.  Within 2 business days,
3  the Attorney General's Office will acknowledge receipt of the Petition, the Memorandum
4  of Points and Authorities, and the Court's Order and within 5 business days will either file
5  a notice of appearance on behalf of Respondents or will notify the Court of the names of
6  the Respondents on whose behalf the Arizona Attorney General's Office will not accept
7  service of process.
8       (2)  Respondents must answer the Petition within 40 days of the date of service.
9  Respondents must not file a dispositive motion in place of an answer.  Respondents may
10 file an answer that (a) is limited to relevant affirmative defenses, including, but not limited
11 to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative
12 defenses as to some claims and discusses the merits of others; or (c) discusses the merits
13 of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer
14 may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S.
15 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular
16 claim does not waive any argument on the merits as to that claim.  If the answer only raises
17 affirmative defenses, only those portions of the record relevant to those defenses need be
18 attached to the answer.  If not, the answer must fully comply with all of the requirements
19 of Rule 5 of the Rules Governing Section 2254 Cases.
20      (3)  Regarding courtesy copies of documents for chambers, Respondents are
21 directed to review Section II(D) of the Court's Electronic Case Filing Administrative
22 Policies and Procedures Manual, which requires that "a courtesy copy of the filing,
23 referencing the specific document number, **shall be printed directly from CM/ECF**."
24 CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/
25 sites/default/files/documents/adm%20manual.pdf.
26      (4)  Petitioner may file a reply within 30 days from the date of service of the
27 answer.
28 . . . .

TERMPSREF

- 4 -

(5) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 12th day of April, 2021.

*James A. Teilborg*
Senior United States District Judge

**TERMPSREF**