**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Drew Michael Witzig,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn,<br><br>        Respondent. | No. CV-21-08042-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge to whom this case was referred issued a Report and Recommendation ("R&R") recommending that this Court deny the Petition. (Doc. 34). Petitioner filed objections to the R&R. (Doc. 41). Respondent filed a Reply to the Objections. (Doc. 45).

The R&R further recommended that this Court deny a certificate of appealability. (Doc. 34). Petitioner filed a separate motion seeking a certificate of appealability. (Doc. 42).

**I.    Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263

F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1]

## II.   Factual and Procedural Background

The R&R recounted the factual and procedural background of Petitioner's conviction in state court at pages 2-4. Neither party objected to this recounting and the Court hereby accepts and adopts it. In short summary, Petitioner was convicted following a jury trial of possession of methamphetamine and drug paraphernalia. (Doc. 34 at 1). In 2016, Petitioner was sentenced to concurrent prison terms, the longest of which is 15 years. (*Id.*).

## III.   Claims in the Petition

The R&R broke the Petition down into 18 separate claims. They are as follows: "1. trial ineffective assistance regarding search; 2. trial ineffective assistance re uncalled witnesses; 3. newly discovered material facts on motion to suppress; 4. ineffective assistance re unpresented evidence at (A) trial and (B) on PCR; 5. (A) denial of continuance at trial; and related ineffectiveness of (B) appellate and (C) PCR counsel; 6. (A) no opportunity to reply on motion to suppress and related ineffectiveness of (B) appellate and

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows the Ninth Circuit's *en banc* decision in *Reyna-Tapia* on the standard of review.

(C) PCR counsel; 7. (A) exclusion of line of questioning; and related ineffectiveness of (B) appellate and (C) PCR counsel; 8. ineffective assistance of (A) appellate counsel and (B) PCR counsel regarding vindictive prosecution; and 9. ineffective assistance of (A) trial counsel and (B) PCR counsel regarding service records on taxicab." (Doc. 34 at 1-2).

## IV. General Objections

Petitioner begins his objections by making a general, global objection. (Doc. 41 at 1). Specifically, Petitioner states, "Petition objects to all adverse rulings in the … R&R." (*Id.*).

Respondents correctly notes that general, global objections do not trigger de novo review of the entire case. (Doc. 45 at 2 (citing *Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. Sept. 19, 2013); *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *Haley v. Stewart*, 2006 WL 1980649, * 2 (D. Ariz. July 11, 2006)); *accord Martin v. Ryan*, CV-13-00381-PHX-ROS, 2014 WL 5432133, *2 (D. Ariz. October 24, 2014) ("…when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it.") (collecting cases). Thus, the Court will not review this general objection. *See Warling*, 2013 WL 5276367, at 2 ("the Court has no obligation to review Petitioner's general objections to the R & R") (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

As a result of the Court not considering this general objection, several of the recommendations of the R&R are unobjected to. Specifically, Petitioner does not object to the R&R's conclusion that Claim 3 is not cognizable on habeas because it is a state law claim (Doc. 34 at 7), Claims 4B, 5C, 6C, 7C, 8B and 9B are not cognizable under 28 U.S.C. § 2254(i) because they are all claims of ineffective assistance of post-conviction relief counsel (Doc. 34 at 8), Claim 7A does not entitle Petition to relief (Doc 34 at 35-38), 7B does not entitled Petitioner to relief (Doc. 34 at 40-41), and Claim 8A does not entitle Petitioner to relief (Doc. 34 at 41-43). The Court hereby accepts and adopts the R&R's recommendations and conclusions as to these claims.

Accordingly, the Court will consider the recommendations of the R&R on the

following claims de novo: Claims 1, 2, 4A, 5A, 5B, 6A, 6B, and 9A.

## V.     Unexhausted Claims

A district court must reject a claim in a petition for writ of habeas corpus if the petitioner did not exhaust state remedies for potential relief on the federal claims. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A petitioner satisfies this requirement if he "fairly presents" the federal claim to the state courts. *Id.* at 351. Procedural default occurs when a petitioner has never presented a federal claim in state court and is now barred from doing so by the state's procedural rules. *See Castille*, 489 U.S. at 351–52; *Johnson v. Lewis*, 929 F.2d 460, 462 (9th Cir. 1991). Procedural default also occurs when the petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule, including rules regarding waiver and the preclusion of claims. *See, e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991); *Coleman v. Thompson*, 501 U.S. 722, 727–28 (1991).

Respondents argued that Claims 5A, 5B, 9A and 9B were not exhausted, and are now procedurally barred in the state court. (Doc. 34 at 8). The R&R disagreed with Respondents as to Claims 9A and 9B and found Claims 9A and 9B were exhausted in state court. (Doc. 34 at 5-15). Respondents did not object to this recommendation and the Court accepts and adopts it.

The R&R agreed with Respondents that Claims 5A and 5B were not exhausted in the state courts. The R&R found that that Claims 5A ad 5B were barred on adequate and independent state law grounds and procedurally defaulted. (Doc. 34 at 10). The R&R further found that Petitioner did not show cause and prejudice (Doc. 34 at 15) or actual innocence (Doc. 34 ta 16) to overcome his procedural default of these claims.

Petitioner objects to the R&R's conclusion that this Court cannot reach the merits of Claims 5A and 5B arguing that to the extent these claims are not exhausted, it is the fault of his counsel. (Doc. 41 at 7-9).

Generally, "cause" for a procedural default exists if the petitioner can demonstrate

that "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" is actual harm resulting from the claimed constitutional error or violation. *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).

In *Martinez*, the Supreme Court held that in limited circumstances, attorney error may be "cause" to excuse procedural default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). The petitioner may establish cause for a procedural default of an ineffective assistance of trial counsel claim "by demonstrating two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984),' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez v. Ryan*, 566 U.S. 1, 14 (2012)).

However, in *Davila*, the Supreme Court held that claims of ineffective assistance of appellate counsel cannot provide cause to excuse procedural default. *Davila v. Davis*, 137 S. Ct. 2058, 2066 (2017). Thus,

> The *Martinez* exception to procedural default applies only to claims of ineffective assistance of trial counsel; it has not been expanded to other types of claims. *Pizzuto*, 783 F.3d at 1177 (explaining that the Ninth Circuit has "not allowed petitioners to substantially expand the scope of *Martinez* beyond the circumstances present in *Martinez*"); *Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013) (noting that only the Supreme Court can expand the application of *Martinez* to other areas); *see Davila v. Davis*, 137 S. Ct. 2058, 2062–63, 2065–66 (2017) (explaining that the *Martinez* exception does not apply to claims of ineffective assistance of appellate counsel).

*Hampton v. Ryan*, No. CV-14-02504-PHX-ROS, 2019 WL 979896, at *4 (D. Ariz. Feb. 28, 2019).

Here, Petitioner raised his claim regarding a "denial of a trial continuance" in his second post-conviction relief petition in state court. (Doc. 34 at 9). The second post-conviction relief court denied the claim as barred by the state procedural rules because it could have been raised in Petitioner's direct appeal of his conviction, and/or his first post-

conviction relief proceeding. (*Id*.).

In his objections before this Court, Petitioner is arguing "cause" based on the claimed ineffective assistance of his appellate counsel and his post-conviction relief counsel for failing to raise his "denial of trial continuance" claim. But as discussed above, ineffective assistance of appellate counsel and post-conviction relief counsel cannot be cause to overcome procedural default of any claim other than ineffective assistance of trial counsel. Further, to the extent Petitioner argues that it is unfair to bar his claims by finding the state law adequate and independent (Doc. 41 at 7-9), the Court agrees with the R&R that this is the law and it is properly applied to these facts (Doc. 34 at 11).

Thus, the Court finds Petitioner has not shown cause to excuse his procedural default of these claims. Additionally, Petitioner does not object to the R&R's conclusion that Petitioner has not shown prejudice or a fundamental miscarriage of justice/actual innocence to overcome his default of these claims. (Doc. 34 at 15-16). The Court accepts and adopts these conclusions. For all of these reasons, the Court will not reach the merits of Claims 5A and 5B and these claims will be denied and dismissed with prejudice.

Alternatively, this Court may deny an unexhausted claim on the merits. 28 U.S.C. § 2254(b)(2). As discussed below, Claims 6A and 6B relate to Claims 5A and 5B; specifically: the failure of the trial court to sua sponte grant a continuance of the suppression hearing or the trial. For the reasons Claims 6A and 6B fail on the merits as discussed below, Claims 5A and 5B also alternatively fail on the merits.

**VI.    Claims Exhausted Before the State Courts**

The R&R summarizes the legal standard governing this Court's review of claims that were exhausted in the state courts at pages 16-18. Neither party objects to this summary of the governing law and the Court accepts and adopts it. Generally, for the claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[2]

---

[2] Further, in applying "Federal law" the state courts only need to act in accordance

or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

### A. Claims Regarding Petitioner's Reply Brief in State Court (6A and 6B)

The R&R summarizes Claim 6 as follows:

> In Ground 6A, Petitioner argues that he was constructively denied counsel when the court denied the defense a continuance to allow a written reply to the prosecution's response on the motion to suppress which had been served at the hearing. [citation omitted]. Respondents argue this claim survives deferential review under § 2254(d) because there is no Supreme Court authority on denial of a continuance as a constructive denial of counsel for which prejudice need not be shown, the trial court permitted a recess and counsel made an oral reply, and Petitioner fails to show additional time for a written reply would have had any effect. [citation omitted]. Petitioner replies that *Bell v. Cone*, 535 U.S. 685 (2002) recognizes that a denial of a continuance can amount to a constructive denial of counsel subject to the presumed prejudice under *Cronic*, and the failure to allow the ordinary 10 days for a reply to permit research and a written response would preclude any counsel from rendering effective assistance. He further argues actual prejudice is shown.
> …
> In Ground 6B, Petitioner argues appellate counsel was ineffective for failing to raise the claim in Ground 6A asserting a denial of a continuance to file a written reply on the motion to suppress was constructive denial of counsel.

(Doc. 34 at 31-21, 38). Neither party objected to this summary of the Claim and the Court accepts it.

Claim 6A was raised in Petitioner's second post-conviction relief petition. Petitioner did not expressly make the claim as a federal claim, and the state court did not expressly deny the claim on federal ground. (Doc. 34 at 32-33). The R&R concludes that the state court impliedly denied the federal claim on the merits. (*Id.*).

As the R&R summarizes, Petitioner's trial counsel never actually asked for a continuance, although he did mention wanting to make a reply. (Doc. 34 at 34). Thus, the R&R has recharacterized Petitioner's Claim as an error of the trial court in failing to sua sponte grant a continuance. (*Id.*). The R&R then concludes that the trial court's failure to sua sponte grant a continuance does not justify relief on Claim 6A (Doc. 34 at 35) and that

---

with Supreme Court case law. *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

1  Claim 6B fails for the same reason (Doc. 34 at 39).

2  Petitioner objects and basically argues that the state rules permit 10 days for a reply, and although the trial was set to begin in less than 10 days, and the evidentiary hearing on the motion to suppress was set for the day the response was filed, "due process" requires that the trial court grant Petitioner the 10 days allowed by the state rules for a reply by sua sponte continuing both the suppression hearing and the trial. (Doc. 41 at 9). The Court agrees with Respondents that there is no Supreme Court case law directly on point which says the state court must always allow the briefing schedules permitted by the state rules for there to be effective assistance of counsel and/or due process. As a result of there being no law on point, the state court decision is not contrary to or an unreasonable application of clear established federal law (nor is there any argument the state court made an error as to the facts). Thus, habeas relief on Claims 6A and 6B is denied.

### B. Ineffective Assistance of Trial Counsel (1, 2, 4A and 9A)

Claims 1, 2, 4A and 9A are all theories of ineffective assistance of trial counsel based on different factual predicates. These factual predicates relate to trial counsel's challenges (via a motion to suppress) to the stop of the vehicle Petitioner was traveling in and the subsequent search of that vehicle. As discussed above, because these claims were decided by the state court, this Court must deny relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. If the state court's decision was deficient in one of these respects, this Court then reviews the claim de novo.

The R&R discusses that Petitioner's primary claim regarding the adequacy of the state court decision is that, although an evidentiary hearing was held before the trial court, the post-conviction relief court did not hold a second evidentiary hearing. (Doc. 34 at 22). The R&R concludes that Arizona Court of Appeals court affirming the post-conviction relief court even though it did not hold a second evidentiary hearing was not contrary to or an unreasonable application of federal law. (Doc. 34 at 22-24). Alternatively, the R&R concludes that even if this Court were to review the ineffective assistance of trial counsel

claims de novo, relief would still be denied. (Doc. 34 at 24).

Petitioner objects and seeks an evidentiary hearing before this Court. (Doc. 41 at 5-7, 10-11). This Court agrees with the R&R that even taking the facts as Petitioner presents them as true, an evidentiary hearing before either the post-conviction relief court, or this Court, would not entitle Petitioner to relief (as discussed more fully below). (Doc. 34 at 24). Therefore, Petitioner's objections specifically seeking an evidentiary hearing are overruled.

Next, the Court will consider Petitioner's objections as they relate to the merits of these Claims. Although the R&R considers each factual predicate individually, Petitioner's objections are grouped by "objections to the reason his vehicle was stopped" and "objections to the basis for the search of his vehicle" and the Court will consider the objections in those groupings.

The R&R discusses the law governing ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny at pages 19-20. Neither party objected to this summary of the governing law and the Court hereby accepts and adopts it.

### 1. Claims Relating to the Stop (2, 4A and 9A)

In his objections, Petitioner argues that the police did not have a reasonable suspicion to stop the vehicle he was traveling in prior to his arrest and his counsel was ineffective in failing to more thoroughly present this issue to the trial court. Specifically, Petitioner claims ineffective assistance because his trial counsel failed to call taxicab company witnesses Newman and Garcia at the suppression hearing, failed to impeach the officer regarding the "true reason" for the stop, and failed to subpoena records related to repairs (if any) to the taxicab. (Doc. 34 at 26-31).

The R&R concludes that the failure to call Newman and Garcia was not ineffective assistance because the trial court had an affidavit from Newman and a signed statement from Garcia and accepted all representations in those statements as true. (Doc. 34 at 27). Therefore, calling those witnesses would not have produced any different or additional

facts, nor changed the outcome of the proceeding.

Petitioner argues that the officer's true motive to stop the taxicab was to look for Petitioner; and that the officer's claimed reason for the stop–the inoperable license plate light–was just a pretext for the stop. The R&R concludes that, legally, an officer's true motive for a stop (assuming Petitioner is correct about the true motive) is irrelevant if the officer had reasonable suspicion for the stop. (Doc. 34 at 29 (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)).

Finally, the R&R concludes that trial counsel's failure to subpoena the taxicab records regarding whether the license plate light was ever repaired (given that the license plate light being inoperable was the basis for the stop) has not been shown to be ineffective because what the records might have shown is speculative. (Doc. 34 at 29-31). Moreover, even if there was no record of a repair, the absence of a record does not prove the light was functioning at the time of the stop (i.e., that the officer was lying about the light being inoperable). (Doc. 34 at 29-31, and n.10).

Petitioner objects to all these finding arguing that he should have had another evidentiary hearing before the post-conviction relief court. (Doc. 41 at 3-6). Specifically, Petitioner argues that at a hearing the officer's credibility could have been assessed and employees from the cab company could have been questioned about repairs (if any) to the light. This Court agrees with the R&R that the factual results Petitioner hoped to gain from a second evidentiary hearing on his suppression issues would not have changed the outcome of the case. Therefore, the state appellate court's failure to reverse the post-conviction relief court for not having an evidentiary hearing was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. *See Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012). Therefore, relief on Claims 2, 4A and 9A is denied.

Moreover, Petitioner's objections fail to overcome the R&R's conclusion that, while reasonable suspicion may have been necessary to stop the *driver* of the cab, the warrant for Petitioner's arrest justified the stop of Petitioner. (Doc. 34 at 23). And legally, Petitioner

cannot assert the need for reasonable suspicion for a stop to the extent that right is particular to the cab driver. (*Id*. at 23-24). Therefore, the stop was legal, and counsel was not ineffective for failing to succeed on the motion to suppress.

## 2. Claim Related to the Search (1)

In Claim 1, Petitioner argues his trial counsel was ineffective in failing to file a suppression motion specifically on the issue of the search of the taxicab. (Doc. 41 at 3). The R&R concludes that any such motion would have been futile; and counsel was not ineffective for failing to file a futile motion. (Doc. 34 at 20-22 (citing *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996)). Specifically, the officer stated that the search of the cab that revealed the prohibited items was performed based on the consent of the driver. (Doc. 34 at 24). The driver later filed an affidavit stating that the driver did not recall giving consent. (*Id*.). The R&R did "not find unreasonable the state court's decision to rely on the affirmative memory of the officers rather than the lack of memory of the taxi driver." (*Id*.).

As to this finding, Petitioner objects again arguing that at an evidentiary hearing on the post-conviction relief petition, a court could have found the officer was lying about consent. (Doc. 41 at 6). However, this Court agrees with the R&R that given that the state court accepted the taxicab driver's lack of memory as true, an evidentiary hearing would not have revealed any new or different facts or testimony. Therefore, the state appellate court's failure to reverse the post-conviction relief court for not having an evidentiary hearing was not contrary to or an unreasonable application of clearly established federal law, nor was it an unreasonable determination of the facts. This objection is overruled.

Petitioner also objects and argues that even if the driver of the cab consented to the search, such consent could not legally extend to Petitioner's section of the cab. (Doc. 41 at 4). The Court agrees with the R&R, and the numerous cases cited therein, that consent of the driver of the cab over an area of shared authority, namely the entire vehicle, was valid consent to search Petitioner's area. (Doc. 34 at 25). Therefore, this objection is also overruled and relief on Claim 1 is denied.

## VII. Other Objections

At pages 10-11 of his objections, Petitioner raises some procedural issues. For example, Petitioner claims that the prison would not allow him to send money to an individual outside the prison. This is not a claim that is cognizable on habeas. Petitioner also claims that he wanted more time in the law library. However, this Court gave Petitioner extensions of time from June to October to file his objections and Petitioner filed complete objections. Therefore, this additional objection is also overruled.

## VIII. Certificate of Appealability

Petitioner has filed a separate motion seeking a certificate of appealability ("COA"). Petitioner primarily seeks a certificate of appealability asking the Court of Appeals to direct this Court to hold an evidentiary hearing on his claims. (Doc. 42 at 2-3).

For Petitioner to appeal, a court must issue a COA. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000); *Valerio v. Crawford*, 306 F.3d 742, 763-64 (9th Cir. 2002) (*en banc*), *cert. denied* 2003 U.S. LEXIS 3190 (2003). The COA must specify which issues are certified for appeal. *Id*.

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 483-84. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Here, the Court finds jurists of reason would not find this Court's procedural rulings debatable. Further, as to the claims on which the Court reached the merits, jurists of reason would not find this Court's assessment of the constitutional claims debatable. Therefore,

a certificate of appealability will not be granted.

**IX.   Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 34) is accepted and adopted; the objections (Doc. 41) are overruled.  The Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's request for a certificate of appealability (Doc. 42) is denied.

Dated this 7th day of March, 2023.

James A. Teilborg
Senior United States District Judge